AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| ADENIKE GRAHAM, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:19-cv-873 (AT) (RWL) |
| NATIONAL BEVERAGE CORPORATION ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Synergy Flavors, Attn: Legal Department, 1500 Synergy Dr., Wauconda, IL 60084

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED "EXHIBIT A"

| Place: Corinne T. Marut C.S.R.<br>1883 Jahns Drive<br>Wheaton, Illinois 60189 | Date and Time:<br>12/23/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/06/2019

*CLERK OF COURT*

OR

/s/ An V. Truong

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs ADENIKE GRAHAM and KIMBERLY MCNULTY                        , who issues or requests this subpoena, are:

An V. Truong, Simmons Hanly Conroy, 112 Madison Ave, 7th Fl, New York, NY 10016; atruong@simmonsfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-873 (AT) (RWL)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Plaintiffs seek certain records relating to Synergy Flavors sourcing of ingredients for the National Beverage Corporation's LaCroix carbonated water, as known as sparkling water (the "LaCroix Product").

### *Definitions*

A. As used herein, all terms shall have the fullest and broadest meaning accorded to those terms and shall have the meaning generally ascribed to such terms in common parlance.

B. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C. The terms "Defendant," and "National Beverage Corp." shall refer to National Beverage Corporation and any of its employees, officers, directors, representatives, and agents.

D. The term "LaCroix Products" refers to the following flavors of LaCroix sparking water (1) LaCroix coconut, (2) LaCroix cran-raspberry, (3) LaCroix cerise limón (cherry lime), (4) LaCroix múre pepino (blackberry cucumber), (5) LaCroix passionfruit, (6) LaCroix lime, (7) LaCroix berry, (8) LaCroix apricot, (9) LaCroix orange, (10) LaCroix lemon, (11) LaCroix mango, (12) LaCroix peach-pear, (13) LaCroix grapefruit (pamplemousse), (14) LaCroix key lime, (15) LaCroix tangerine, (16) LaCroix pineapple strawberry (piña fraise) and (17) LaCroix apple cranberry (pomme bayá) sold to customers in New York between January 29, 2016 and January 29, 2019

E. The term "identify," when referring to a document, shall mean to state the title, author(s), date, subject matter, type of document (*e.g.*, letter, memorandum, report, invoice, etc.), present location and custodian of the document, and any other identifying symbols and numbers.

F. The use of the singular form of any word includes the plural and vice versa.

G. If you contend that any responsive information is not reasonably accessible because of undue burden or cost, state said position and explain specifically what information is being withheld and why.

H. The term "Product" and "Products" shall mean all sizes, flavors, and iterations of LaCroix sparkling water products.

I. The term "UPC," or Universal Product Code, shall mean the product identification code tied to the unique Product.

### *Relevant Time Period*

The time period covered by each request runs from January 29, 2016 to January 29, 2019.

### *Specific Documents Requested*

1. Any and all documents regarding Your sourcing of ingredients related to the LaCroix Products.

2. Any and all documents regarding Your purchase of ingredients related to the LaCroix Products.

3. Any and all documents regarding Your sale of ingredients related to the LaCroix Products, whether sold directly to National Beverage or one of its agents or vendors.

4. Any and all documents regarding purchase orders between Synergy Flavors and National Beverage Corporation regarding the LaCroix Products.

5. Any and all documents regarding the negotiation, handling and servicing of the National Beverage Corporation account with Synergy Flavors for the LaCroix Products.

6. Any and all documents regarding returns of the LaCroix Products, or ingredients in the LaCroix Products, by National Beverage Corporation to Synergy Flavors

7. Any and all documents regarding the ingredients and changes to ingredients in the LaCroix Products.

8. Any and all documents regarding the labeling and packaging of the LaCroix Products.

9. Any and all documents regarding or reflecting correspondence or communications with National Beverage Corporation and Synergy Flavors regarding the LaCroix Product and its ingredients.

10. Documents sufficient to identify all individuals at Synergy Flavors with whom National Beverage Corporation had contact regarding the ingredients purchased for the LaCroix Product.

11. Documents sufficient to identify all laboratories with whom Synergy Flavors used for the testing or analysis of the ingredients sold or provided to National Beverage Corporation for the LaCroix Product.

12. Any and all agreements and/or contracts regarding the LaCroix Products, including drafts, with or relating to National Beverage Corporation pertaining to the ingredients of the LaCroix Product.

13. Any and all documents regarding testing and/or verification of ingredients of the LaCroix Products.

14. Any and all Certificate of Analysis for the ingredients purchased by National Beverage Corporation from You for the LaCroix Product.

15. Any and all documents pertaining to any Quality Assurance Program of Synergy Flavors relating to the LaCroix Products.

16. Any and all documents regarding Synergy Flavors Good Manufacturing Practices relating to the LaCroix Products.

17. Any and all documents which support the contention that the ingredients sold to National Beverage Corporation for the LaCroix Product are "all natural".

18. Any and all documents relating to lawsuits pertaining to the LaCroix Product.

19. All documents relating to communications with National Beverage Corporation regarding this and any other lawsuit pertaining to the LaCroix Product.

20. All documents produced and transcripts of all depositions taken in *Lenora Rice v. national Beverage Corp., d/b/a LaCroix Sparkling Water*, Case No. 1:18-cv-07151.

**Note**: This subpoena does not command you to appear for a deposition. Under Rule 45(d)(2)(A), you do not need to appear in person at the place of production or inspection if, before the date and time set for production, you mail and/or e-mail all responsive documents to:

An V. Truong<br>
Simmons Hanly Conroy<br>
112 Madison Avenue, 7th Floor<br>
New York, NY 10016<br>
atruong@simmonsfirm.com

Copies of the documents you produce will be mailed to all counsel of record in this case pursuant to Federal Rule of Civil Procedure 45.