USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2019

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ADENIKE GRAHAM and KIMBERLY MCNULTY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NATIONAL BEVERAGE CORPORATION,

    Defendant.

CASE NO:19-cv-873 (AT)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

ANALISA TORRES, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

**I.    DEFINITIONS**

    1.    **Discovery Material.** All materials produced or adduced in the course of discovery, including without limitation initial disclosures, responses to discovery requests, deposition testimony and exhibits, expert disclosures, mediation statements and exhibits, and any other information or material provided, disclosed, produced, given or exchanged by, between and

1

among the Parties and non-parties to the action in connection with proceedings in this action, and information derived therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to this Court's Individual Rules of Practice in Civil Cases, the Local Rules of this District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing Party or non-party (the "Producing Party") that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, by law, or by court order; (b) research, technical, commercial, proprietary or financial information that the Producing Party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity and contact information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Highly Confidential Information.** As used in this Order, "Highly Confidential Information" means Confidential Information that the Producing Party in good faith believes would cause direct harm to its competitive position if such Confidential Information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the Producing Party's business, commercial or financial interests. For the avoidance of doubt, "Highly Confidential Information" may include, but is not limited to, business plans, sensitive financial data, product development information, sourcing information, manufacturing information, and supplier information.

2

## II. DESIGNATION AND TREATMENT OF PROTECTED DISCOVERY MATERIAL

4. With respect to Discovery Material that a person has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to this Order (hereinafter "Protected Discovery Material"), no person subject to this Order may disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

5. The Producing Party may designate as "Confidential" only such material that it reasonably and in good faith believes meets the definition of "Confidential Information" set forth in Section I, paragraph 2 above.

6. The Producing Party may designate as "Highly Confidential-Attorneys' Eyes Only" only such material that it reasonably and in good faith believes meets the definition of "Highly Confidential Information" set forth in Section I, paragraph 3 above.

7. With respect to portions of any Protected Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the material in a manner that will not interfere with legibility or audibility. In the case of Protected Discovery Material disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the medium or its container, or in the folder or filename of such documents if produced electronically, so as to clearly give notice of the designation.

8. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Protected Discovery Material either by: (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential-Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Protected Information Governed by

Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days of receipt of the final transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential -Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the thirty (30) day period following the receipt of the final transcript of a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Highly Confidential-Attorneys' Eyes Only."

9.  If at any time before the termination of this action a Producing Party realizes that it should have designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without a designation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Highly Confidential-Attorneys' Eyes Only," as the case may be. In addition, the Producing Party shall provide each other Party with replacement versions of such Protected Discovery Material that bears the "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

10. Nothing contained in this Order will be construed as: (a) a waiver by a Party or non-party of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

11. Where a Producing Party has designated Discovery Material as "Confidential," other persons subject to this Order (the "Receiving Party") may disclose such information only to the following persons:

    a.    **Parties.** Parties and employees of a Party but only to the extent counsel

4

determines in good faith that the employee's assistance is reasonably necessary to the conduct of the action in which the information is disclosed;

b. **Counsel.** Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter, as well as in-house counsel for the Parties;

c. **Vendors.** Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d. **Mediator.** Any mediator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e. **Author or Recipient.** As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. **Witness at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "Confidential Information" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as

5

permitted under this Order;

g. **Court reporters and Recorders.** Stenographers and videographers engaged to transcribe and record depositions the Parties conduct in this action;

h. **The Court and its personnel.** This Court, including any appellate court, its support personnel, and court reporters; and

i. **Consultants and Experts.** Consultants or experts retained by or on behalf of a Party for the purposes of assisting that Party in this action provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto and is not a current officer, director employee, consultant, owner or investor of a peer and/or competitor of National Beverage.

j. **Others by consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or so ordered.

12. Where a Producing Party has designated Discovery Material as "Highly Confidential - Attorneys' Eyes Only," the Receiving Party may disclose such information only to the persons identified in Section II, paragraph 11 (b), (c), (d), (e), (g), (h), (i) and (j) of this Order.

13. Before disclosing any Protected Discovery Material to any person referred to in subparagraphs 11(c), (d), (g) or (i) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement.

14. Nothing in this Order shall be construed to affect the intended use of any

6

document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention prior to its anticipated use.

15. This Order binds the Parties and certain others to treat as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" any Discovery Material so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder.

16. In filing Protected Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Protected Discovery Material ("Confidential Court Submission"), the Parties shall comply with Rule IV(A) of the Court's Individual Rules of Practice in Civil Cases ("Rule IV(A)"). In accordance with Rule IV(A), with the exception of the redaction of personal information pursuant to the Southern District's ECF Privacy Policy, filing under seal requires permission of the Court. Unless otherwise ordered, any party wishing to file a document or portion thereof under seal must do the following things on or before the date on which the relevant document is due: (1) serve a complete and unredacted copy of the document an all other parties; (2) file a redacted copy of the document via ECF, from which the material claimed to require confidential treatment has been removed or concealed; (3) file a letter-motion via ECF seeking permission to file the document, or a portion thereof, under seal, explaining the need to withhold the material at issue from the public record notwithstanding the strong presumption of public access to judicial documents under the First Amendment and common law. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). A copy of the letter-motion shall also be emailed to chambers. In addition to the aforementioned letter, the Party shall attach to its e-mail: (1) one full

7

set of the relevant document(s) and (2) if proposing redactions, one partial set of solely those pages on which the Party seeks to redact the material. If a sealing request is based on another party's designation of documents or information as "Confidential" or "Highly Confidential" that other Party shall respond to the requesting party's letter-motion via ECF on the schedule set forth in Rule III(ii) of the Court's Individual Rules. If the Court approves the request, the movant promptly shall (1) publicly file any redacted materials and (2) file the set of unredacted materials or sealed documents with the Court's Records Management Department, in accordance with the Department's procedures.

17. Any Party who objects to any designation of confidentiality may serve upon counsel for the Producing Party, at least sixty days prior to trial, a written notice stating the grounds of the objection. The Producing Party shall, within fourteen (14) days after receipt of the notice make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally within ten (10) days thereafter, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes set forth in Rule II(C) of this Court's Individual Practices. The Producing Party shall have the burden of proving that the designation is proper. The designation of disputed information shall remain unless and until otherwise ordered by the Court.

18. In the event a Party or interested member of the public challenges the redaction or sealing of particular documents that have been filed under seal, the Producing Party shall retain the burden of demonstrating the propriety of said redactions or the filing under seal.

19. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of documents covered by an applicable privilege or protection shall not, standing alone, be deemed a waiver of the privilege or protection with respect to those documents or the subject matter of those documents in this case or any other federal or state proceeding. Nothing in this paragraph shall

8

require a Party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

20. "Clawback" of Documents. Any Party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the Receiving Party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefore.

    a. Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the Receiving Party will:

        i. to whatever extent it contests the assertion or privilege or protection, promptly so notify the Producing Party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the Parties or the Court pursuant to Paragraph 17; and

        ii. to whatever extent the Receiving Party does not contest the assertion of privilege or protection, upon request, promptly certify in writing to the Producing Party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonably diligent will not include disaster recovery media). In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either Party may bring the contest to the attention of the Court in accordance with the Court's Individual Rules and

9

Paragraph 17.

    b. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

21.     Recipients of Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party or non-party with respect to its own documents or information produced in this action.

22.     Nothing in this Order will prevent any Party from producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

23.     Each person who has access to Protected Discovery Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

24.     The protections conferred by this Order cover not only Protected Discovery Material, but also any information copied or extracted therefrom, as well as copies, excerpts,

summaries or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in Court or in other settings that might reveal Protected Discovery Material. All notes, memoranda, reports and other written communications that reveal or discuss information contained in Protected Discovery Material shall be given the same protections under this Order as though they were designated as Protected Discovery Material.

25. Within sixty (60) days of the final disposition of this action—including all appeals— all recipients of Protected Discovery Material must either return it—including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must, upon request, certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Discovery Material. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Order.

26. This Order will survive the termination of the action and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

27. The Parties agree to be bound by the terms of the Stipulation and Order pending the entry by the Court of this Stipulation and Order and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

28. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: May 31, 2019

SIMMONS HANLY CONROY

By: /s Mitchell M. Breit
Mitchell M. Breit
112 Madison Avenue
New York, New York 100016

*Attorneys for Plaintiffs*

Dated: May 31, 2019

K&L GATES LLP

By: /s Joanna A. Diakos
Joanna A. Diakos
599 Lexington Avenue
New York, New York 10022

*Attorneys for Defendant*

SO ORDERED.

Dated: June 3, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge

12